Mr. Justice McWilliams
delivered the opinion of the Court.
On April 16, 1964, the Hon. Robert P. Fullerton, then serving as a Judge of the Denver District Court, entered an order and judgment concerning the division of property between David and Marguerite Ferguson, said order and judgment being in connection with a decree in divorce which he had theretofore entered in favor of Marguerite.
*328 On September 9, 1964, pursuant to Rule 60 (b) (4) and (5) R.C.P. Colo. David Ferguson filed in the Denver District Court a Motion for Relief from the Judgment and Order of April 16, 1964, on the ground that the time within which he was to comply with the property division order had not as of that time expired and that in the meantime Marguerite had died on September 5, 1964. At the same time pursuant to Rule 59, R.C.P. Colo, he also filed a Motion for a New Trial upon the “question of the property settlement,” on the ground of newly discovered evidence.
On December 7, 1964, the Hon. Robert P. Fullerton granted a motion of Charles D. Olmstead, the executor of the estate of Marguerite Ferguson, that he be substituted in her place and stead in the divorce proceeding. At the same hearing, he proceeded to hear legal argument concerning David’s Motion for Relief from Judgment and Order and thereupon took the matter under advisement. Apparently David’s Motion for New Trial was not heard on this date.
On December 14, 1964, the term of the Hon. Robert P. Fullerton as a Denver District Judge expired and he was immediately succeeded in that office by the Hon. Richard L. Ott.
On January 29, 1965, the Hon. Robert P. Fullerton, being then a former judge of the Denver District Court, purported to enter an order granting David’s Motion for Relief from Judgment and Order, his purported order being “nunc pro tunc to December 11, 1964.” The basis for this action was that “the prior order has inequitable prospective application” because of the intervening death of Marguerite. On March 9, 1965, a motion for rehearing in connection with the “order” granting David’s Motion for Relief from Judgment and Order was denied by the Hon. Merle R. Knous, a judge of the Denver District Court.
Thereafter, Charles D. Olmstead, as executor of the estate of Marguerite, brought an original proceeding in *329 this Court, seeking an order that the Denver District Court and the Hon. Merle R. Knous, one of the judges thereof, be directed to show cause, if such they had, why the order of January 29, 1965, nunc pro tunc to December 11, 1964, should not be vacated and held for naught and why they should not be enjoined and prohibited from taking further action “respecting the modification or vacation of the Judgment and Decree of April 11, 1964, respecting the division of property.” A rule to thusly show cause did issue from this Court, and the respondents in due time filed their answer thereto. The matter is now awaiting determination by this Court as to whether the rule heretofore issued should be discharged or made absolute.
In this Court both the petitioner and the respondents argue the merit of the matter — i.e. was the Hon. Robert P. Fullerton “correct” in granting David’s Motion for Relief from Judgment and Order? In our view, however, this matter must be resolved on a ground which has not been urged by either the petitioner or the respondents. Such a resolution will no doubt be something less than satisfactory to the parties, inasmuch as the question which they have posed must for the time being go unanswered by us. We therefore at this time express no opinion in connection with the issue raised by the parties as to whether David’s Motion for Relief from Judgment is well-founded and ought properly to be granted, or whether on the contrary it is improper and should therefore be denied. The defect which we perceive is of such a basic and fundamental nature that it cannot go unnoticed or be overlooked.
In our view the Hon. Robert P. Fullerton on January 29, 1965, at a time when he was no longer a Judge of the Denver District Court, had no power or authority to enter any order concerning David’s Motion for Relief from Judgment and Order, and such is true even though he attempted to get around the fact that he was no longer a judge by entering a so-called “nunc pro tunc”' *330 order. As of that date, January 29, 1965, he had no authority to enter any judicial order, nunc pro tunc or otherwise.
A general statement as to the authority — or lack of it — of a judge to perform judicial functions after the expiration of his term of office, appears in 48 C.J.S. 1010:
“Generally speaking, except as it may be otherwise provided by law, a judge’s power to exercise judicial functions -ceases with the expiration of his term of office; and thereafter any uncompleted business is left for his successor in office, as discussed infra §56; and the consent of the parties cannot confer power or jurisdiction on a judge after the expiration of his term of office. At least in the absence of statutory authorization his judicial acts done after the qualification of his successor, or after his own term of office has expired, are void, and should be set aside, although they are done pursuant to orders of court. . . .” (Emphasis supplied.)
Our search has failed to disclose any statute authorizing or permitting a judge in this State, after the expiration of his term of office, to entertain a motion under Rule 59 or 60 R.C.P. Colo., even though such motion is filed in a proceeding wherein the “former” judge had himself entered the final judgment at a time when he was actually serving as a judge. Nor have we found any prior decision of this Court which would in anywise authorize -or permit such unauthorized action. As perhaps shedding some light on this problem, however, attention is directed to Camelin v. Smith, 53 Colo. 574, 128 Pac. 1125 and Boyles v. People, 90 Colo. 32, 6 P.2d 7, where it was held that the successor in office of the judge before whom a cause was tried may properly hear a motion for new trial.
The lack of authority on this particular subject, be it statutory or judicial, is not surprising in view of the inherent nature of the problem. One who is not a *331 judge, even though he may have at one time been a judge, simply does not possess the power and authority to act as a judge.
In the instant case the Hon. Robert P. Fullerton went out of office at a time when he had not yet ruled on the matter, though he had indeed heard legal argument on David’s Motion for Relief from Judgment and Order. Upon the expiration of his term of office and with his successor having been duly qualified and the oath of office administered, Judge Fullerton thereupon lost all power and authority to act as a judge. Hence his purported “order” of January 29, 1965, was a nullity.
The rule is therefore made absolute to the end that the respondents are hereby directed and ordered to vacate the order of January 29, 1965, entered “nunc pro tunc” to December 11, 1964, which purports to grant David’s Motion for Relief from Judgment and Order. The further order of March 9, 1965, denying Olmstead’s motion for rehearing must under the circumstances also be vacated.
This Court, however, declines to enjoin or prohibit the respondents from hearing and determining David’s Motion for Relief from Judgment and Order and his Motion for New Trial. On the contrary, these matters should be heard and determined by the trial court. Even though it might well facilitate matters for this Court to step in and pass on the merits of these two motions, such would short circuit the judicial process to the end that this Court would then be acting as a trial court. This Court does not grant or deny motions filed subsequent to entry of judgment under Rule 59 or Rule 60, R.C.P. Colo. This is a function of the trial court. Once a trial court has acted, however, this Court may in appropriate proceedings be called upon to review the propriety of the action thus taken by it.
The rule is made absolute.
Mr. Justice Day concurs in the result.